Rodríguez, Appellant, *v.* Registrar of San Germán, Respondent.

Appeal from a Decision of the Registrar of Property Refusing to Record a Deed of Purchase and Sale.

No. 502.—Decided July 26, 1921.

Record of Title—Identity of Grantor—Civil Status—Curable Defect.—On July 1, 1911, "A" recorded a property in the registry in his name as a bachelor when in fact he had been a widower since 1896. In selling the property in 1913 he stated that he was a widower and the registrar refused to record the sale because in his opinion there were reasons for supposing that the grantor was not the persons appearing as owner in the registry. *Held:* That at most the registrar should have classified the contradiction as a curable defect, because it of itself was not sufficient to justify his conclusion, the names being identical and all the documents showing that it was the same person. Whether the grantor was a bachelor or a widower when he acquired the property is of no importance, for in either case he could dispose of his individual interest.

The facts are stated in the opinion.

*Mr. B. Forés* for the appellant.

The respondent did not appear.

Mr. Justice del Toro delivered the opinion of the court.

In the Registry of Property of San Germán there was presented for record a deed executed before a notary public on September 24, 1913, whereby Vicente Rodríguez y Pagán sold a rural property to Juan Rodríguez, and the registrar refused to record it because it appeared in the registry that

"Vicente Rodríguez Pagán acquired the said property while a bachelor by purchase from Soledad Rodríguez on July 1, 1911, establishing his possession * * *, the possessory title being recorded in his name, and it appearing from the said deed that the grantor, Vicente Rodríguez Pagán, became a widower in the year 1896, as is shown by the said certificate (the death certificate of Natalia Mercado), there is abundant reason for supposing that the said grantor is a different person from the one appearing from the registry as having a right to convey the property."

The grantor appealed and alleges substantially that the question being one of a simple mistake common among our rustics of calling themselves bachelors after their marriage is dissolved, and the person of the grantor being sufficiently identified, the registrar should not have refused the record sought.

There is no doubt that the contradiction exists. If the grantor became a widower in 1896 he could not be a bachelor in 1911 or in 1913, but in our opinion not only the identity of name, but that of age and residence, leads us to the conclusion that he was the same person. This being so, the registrar ought not to have refused the record requested. At most he could have pointed out the contradiction, but classifying it as a curable defect. There was no question of community property. For the purposes of ownership for the conveyance of the whole property, it was of no importance whether the grantor acquired it while a bachelor or while a widower. If the certificate had shown that the grantor's wife had died after July 1, 1911, when the grantor acquired the property, the marriage having been contracted on or prior to that day, then the property would be legally presumed to be community property and the refusal to record the title would be well founded as to half of it, at least. But that is not the case. The wife died in 1896 and the grantor acquired the property in 1911 while a widower.

For the foregoing reasons the decision appealed from must be reversed and the record ordered.

*Reversed.*

Chief Justice Hernández and Justices Wolf, Aldrey and Hutchison concurred.